IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:15-cv-00346

MINNESOTA LIFE INSURANCE )
COMPANY, )
                      )
              Plaintiff, )
                      )
       vs. )         **CONSENT ORDER FOR**
                      )           **DISBURSEMENT**
JAMES D. RUSSELL, INDIVIDUALLY )
AND AS EXECUTOR OF THE ESTATE )
OF PEGGY ANN RUSSELL, )
JONATHAN CHAMBLIN, MANDY )
RUSSELL, AND BENJAMIN RUSSELL, )
                      )
            Defendants. )

BEFORE THIS COURT is the request of all the parties for the entry of an Order capturing the agreement of the parties for the payment of the life insurance proceeds at issue in the Interpleader Complaint, dismissal of this action with prejudice, and release of all claims concerning the policies at issue.

THE RECORD REFLECTS the following facts pertinent to the rulings requested by the parties:

1.       This matter involves two life insurance policies on the life of Peggy Russell — policy No. 29450-G and policy No. 2-706-276W.

2.       Minnesota Life issued a group policy of life insurance to Wells Fargo & Company ("Wells Fargo") and assigned the policy No. 29450-G. By certificate and endorsement of the basic and optional term life insurance application of Peggy Russell, Peggy Russell became an insured for life insurance benefits in the face amount of $162,416.00 under the Policy – $40,604.00 in basic term coverage and $121,812.00 in optional term life insurance coverage. An Employee

Group Term Life Certificate of Insurance ("Certificate of Insurance") pertaining to the life insurance coverage of Peggy Russell was issued to her.

3. Peggy Russell retired from Wells Fargo on May 1, 2014.

4. Upon retirement, Peggy Russell continued the optional term life insurance coverage in the amount of $121,812.00 under the existing group policy (the "Group Policy"). She converted her basic term coverage in the amount of $40,604.00 to a whole life individual policy, which was a brand new policy issued by Minnesota Life on June 1, 2014 and assigned policy No. 2-706-276W (the "Individual Policy").

5. At the time the Certificate of Insurance was issued to Peggy Russell, the beneficiary designated by her for the Group Policy coverage in the event of her death was James Russell.

6. Because the Individual Policy was a new policy, it required a separate beneficiary designation by Peggy Russell. She did not, however, designate any beneficiaries for the coverage under the Individual Policy. The Individual Policy provides that, in the event no beneficiaries are designated, the default beneficiary is the policyholder's estate.

7. Peggy Russell died on July 21, 2014. She was not married at the time of her death.

8. Upon information and belief, on or about August 5, 2014, the Clerk of Mecklenburg County Superior Court issued letters testamentary to James D. Russell.

9. James D. Russell and Jonathan Chamblin–children of Peggy Russell–made competing claims to the death benefits of the Group Policy and the Individual Policy. In addition, Peggy Russell has two other children–Mandy Russell and Benjamin Russell.

10. On October 1, 2015, R. Michael Allen, Esq. was appointed guardian of the estate for Mandy Russell.

11.     Minnesota Life has not paid out the death benefits in the amount of $121,812.00 under the Group Policy or the death benefits of $40,604.00 under the Individual Policy due to competing claims being made for such proceeds by her children.  Furthermore, Minnesota Life has not paid out the premium refund under the Individual Policy in the amount of $654.58, which is payable to the beneficiary of the Individual Policy, due to competing claims being made by her children.  The total amount of death benefits and policy refund that has not been paid out by Minnesota Life is one hundred sixty three thousand seventy dollars and fifty-eight cents ($163,070.58) (hereinafter, the "Death Benefits").

12.     Because of the multiple, competing claims for payment of the Death Benefits and because Minnesota Life is unable to determine who is the proper party to receive payment of the Death Benefits, Minnesota Life commenced the above-captioned action, including as defendants all individuals who may seek to claim payment under the Group Policy and the Individual Policy.

THE COURT IS INFORMED that the parties have consented to resolve all matters in this Interpleader action so that this case may be dismissed with prejudice and that the Defendants entered into an agreement with regard to payment of the death benefits from the Policies as follows:

(1)     Minnesota Life shall pay the death benefits from Policy No. 29450-G (the "Group Policy"), plus 1% annual interest from the date of entry of the Consent Order for Disbursement, as follows:

- $108,312.00 plus 1% annual interest from the date of entry of the Consent Order for Disbursement to Defendant James D. Russell, individually

- $13,500.00 plus 1% annual interest from the date of entry of the Consent Order for Disbursement to Defendant Jonathan Chamblin

(2)     Minnesota Life shall pay the death benefits from Policy No. 2-706-276W (the "Individual Policy") plus 3% annual interest from the date of entry of the Consent Order as follows:

- $10,151.00 plus 3% annual interest from the date of entry of the Consent Order for Disbursement to Defendant James D. Russell, individually

- $10,151.00 plus 3% annual interest from the date of entry of the Consent Order for Disbursement to Defendant Jonathan Chamblin

- $10,151.00 plus 3% annual interest from the date of entry of the Consent Order for Disbursement to Defendant Benjamin Russell

- $10,151.00 plus 3% annual interest from the date of entry of the Consent Order for Disbursement to R. Michael Allen, as Guardian of the Estate of Defendant Mandy Russell, and for the benefit of Mandy Russell

- $654.58, representing the premium refund of the Individual Policy, to Defendant James D. Russell, as Executor of the Estate of Peggy Ann Russell

NOW THEREFORE, the Court hereby orders the following:

1.     The death benefits from the Group Policy and the Individual Policy be paid by Minnesota Life to Defendants as outlined in paragraphs (1) and (2) above.

2.     All claims of all parties that have been or could have been asserted in this action, arising from, or relating to, the Group Policy and the Individual Policy are released and dismissed with prejudice.

**IT IS SO ORDERED.**

Signed: December 3, 2015

Graham C. Mullen
United States District Judge

**WE SO CONSENT:**

BLANE & WILSON, PLLC

By: ___s/ James Blane_____
James Blane
NC Bar No. 7008
1057 East Morehead Street, Suite 100
Charlotte, NC 28204
(704) 331-0030
E-Mail: jblane@blanewilsonlaw.com

*Attorney for James D. Russell, individually and as Executor of the Estate of Peggy Ann Russell*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: ___s/ Julia B. Hartley____
Julia B. Hartley
NC Bar No. 35188
E-Mail: julia.hartley@nelsonmullins.com
Thomas G. Hooper
NC Bar No. 25571
E-Mail: tom.hooper@nelsonmullins.com
100 N. Tryon Street
Suite 4200
Charlotte, NC 28202
(704) 417-3000

*Attorneys for Minnesota Life Insurance Company*

KNOX, BROTHERTON, KNOX & GODFREY

By: ___s/ Lisa Godfrey_____
Lisa Godfrey
NC Bar No. 10152
817 East Trade Street
Charlotte, NC 28202
(704) 372-1360
E-Mail: lgodfrey@knoxlawcenter.com

*Attorneys for Jonathan Chamblin*

By:__s/ R. Michael Allen_____
R. Michael Allen
NC Bar No. 12300
7257 Pineville-Matthews Rd., Suite 2100
Charlotte, NC 28226
(704) 442-1010
E-Mail: rmallen@southcharlottelawfirm.com

*Guardian of the Estate of Mandy Russell*

By:_____
Benjamin Russell
*Pro Se*